UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZUFFA, LLC,<br><br>    PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    DEFENDANTS. | CASE NO.: 1:20-CV-07229<br><br>JUDGE JORGE L. ALONSO<br><br>MAGISTRATE JUDGE SUSAN E. COX |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff, Zuffa, LLC's ("Zuffa" or "Plaintiff") Motion for a Preliminary Injunction, and this Court having heard the evidence before it, hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified on Schedule A (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can

1

and do purchase products using counterfeit versions of Plaintiffs' Trademarks (collectively referred to as "Defendant Internet Store" or "Seller Aliases"). See Docket No. 9, Exhibit 2 to the Declaration of Paul Varley, which includes screenshot evidence confirming that each defendant online marketplace account does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the UFC Trademarks.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Zuffa has a likelihood of success on the merits; that no remedy at law exists; and that Zuffa will suffer irreparable harm if the injunction is not granted.

Specifically, Zuffa has proved a *prima facie* case of trademark infringement because: (1) the UFC Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Plaintiff's federally registered trademarks are valid and in full force and effect; (3) Defendants are not licensed or authorized to use any of the UFC Trademarks; and, (4) Defendants' use of the UFC Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Zuffa. Furthermore, Defendants' continued and unauthorized use of the UFC Trademarks irreparably harms Zuffa through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage; and, therefore, Zuffa has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary

Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using Plaintiff's UFC Trademarks, and/or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Zuffa product or not authorized by Zuffa to be sold in connection with Plaintiff's UFC Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Zuffa product or any other product produced by Zuffa, that is not Plaintiff's nor produced under the authorization, control or supervision of Zuffa nor approved by Zuffa for sale under Plaintiff's UFC Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Zuffa, or are sponsored by, approved by, or otherwise connected with Zuffa;

    d. further infringing Plaintiff's UFC Trademarks and damaging Zuffa's goodwill;

    e. otherwise competing unfairly with Zuffa in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Zuffa, nor authorized by Zuffa to be sold

or offered for sale, and which bear any of Plaintiff's UFC Trademarks, and/or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit UFC Products; and

h. operating and/or hosting websites at the Defendant Internet Stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's UFC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Zuffa product or not authorized by Zuffa to be sold in connection with Plaintiff's UFC Trademarks.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the UFC Trademarks, including any accounts associated with the Defendants listed on the Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the UFC Trademarks; and

  c. take all steps necessary to prevent links to the Defendant Internet Stores, identified on the Schedule A, from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Internet Stores or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Zuffa expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

  a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

  b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information

5

        associated with the Defendant Internet Stores, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores;

    c. Defendants' websites and/or any online marketplace accounts;

    d. The Defendant Internet Stores or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, WISH, Amazon, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), ContextLogic, Inc. ("WISH"), Amazon Payments, Inc. ("Amazon") and Alipay US, Inc. ("Alipay"), or any other party and/or marketplace or payment processor in privity with Defendants, shall within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' online marketplace accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants Internet Stores or Defendants' websites including, but not limited to, any accounts connected to the information listed in the Schedule A; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in the Schedule A; and

   b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Zuffa may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and/or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "ART-POSTER Store and all other Defendants identified in the Schedule A to the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall

constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. The Clerk of Court is directed to unseal Plaintiff's Amended Complaint, Exhibit 1 to the Complaint, Schedule A to the Complaint, Motion for Temporary Restraining Order and Motion to Extend the Temporary Restraining Order and the memorandum and supporting pleadings and exhibits, Motion for Electronic Service of Process and its memorandum and supporting pleadings and exhibits, and the Temporary Restraining Order and Extension of the Temporary Restraining Order.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Zuffa or on shorter notice as set by this Court.

10. The $10,000 bond posted by Zuffa shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: January 26, 2021

_____
Jorge L. Alonso
U.S. District Court Judge